UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CODY TYLER BASHAM**                                                                **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:19-CV-P148-TBR**

**DeEDRA HART et al.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joshua Simpson, filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and will be allowed to continue in part.

### I. STATEMENT OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Penitentiary (KSP). He names as Defendants in their individual and official capacities KSP Warden DeEdra Hart and Correctional Lieutenant James C. Smith. His claims arise from an incident on March 16, 2019, in which Plaintiff states that Defendant Smith struck him with a closed fist while he was in metal wrist and ankle restraints. He states that he suffered a cracked septum, with gushing blood from his nose and two black eyes. He alleges with regard to Defendant Hart that she is the KSP Warden "and is in charge of all proper training of correctional staff at the prison. . . . Defendant Smith should have been trained that the use of unnecessary excessive force on a restrained inmate is unlawful."

As relief, Plaintiff asks for monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### A. *Official-capacity claims*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The claims brought against Defendants in their official capacities, therefore, are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State

officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. The official-capacity claims will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

### B. Individual-capacity claims

  1.   *Defendant Hart*

Plaintiff alleges that Defendant Hart, the KSP Warden, "is in charge of all proper training of correctional staff at the prison. . . . Defendant Smith should have been trained that the use of unnecessary excessive force on a restrained inmate is unlawful."

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691-95, unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks and citation omitted). Plaintiff makes no such

3

allegations here.  Accordingly, the Court will dismiss Plaintiff's individual-capacity claim against Defendant Hart.

2.   *Defendant Smith*

The Court will allow Plaintiff's Eighth Amendment excessive-force claim against Defendant Smith in his individual capacity to continue.  In allowing the individual-capacity Eighth Amendment claim to go forward against Defendant Smith, the Court makes no determination on the ultimate merit of this claim.

### IV. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against both Defendants and the individual-capacity claim against Defendant Hart are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

The Clerk of Court is **DIRECTED** to terminate Defendant Hart as a party to this action.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the continuing claim.

Date: January 7, 2020

*[signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009