**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:19-cv-00148-TBR**

CODY BASHAM                                                                                       PLAINTIFF

v.

JAMES SMITH                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant James Smith's ("Smith") Motion to Dismiss. [DN 10]. *Pro se* plaintiff, Cody Basham, ("Basham") has responded. [DN 11]. Smith has not replied and the time to do so has passed. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Smith's Motion to Dismiss [DN 10] is **GRANTED**.

### I. Background

On March 16, 2019, Basham alleges Smith "handcuffed and shackled Mr. Basham, and removed him from his cell and placed him against the opposite wall, and told him to 'face the wall!', and began to search his cell." [DN 1 at PageID 6]. After Basham cursed at Smith, Basham alleged Smith walked towards him and Basham spit at Smith. [*Id.*] Smith allegedly struck Basham "in the face with a closed fist." [*Id.*]  Basham filed this action on October 7, 2019 alleging his Eighth Amendment rights were violated. [*Id.*] Smith now argues this claim must be dismissed because Basham failed to exhaust his administrative remedies.

### II. Legal Standard

In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When applying the Rule 12(b)(6) standard, the court must presume all of the factual allegations in the complaint are true. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S. at 679. The Court may dismiss the case "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal,* 556 U.S. at 677-79).

The Court may properly consider documents as part of the pleadings if the document is "referred to in the complaint and is central to the plaintiff's claim." *DBI Investments, LLC v. Blavin*, 617 F. App'x 374, 376 (6th Cir. 2015) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

### III. Discussion

The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). In order to exhaust administrative remedies, prisoners must complete the administrative review process in

accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier V. Laurel Cty.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing Jones, 549 U.S. at 204).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). First, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. Second, "an administrative scheme might also be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, a process is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

"[C]ourts may not deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015).

Here, Basham filed a timely grievance on March 22, 2019. [DN 11-1 at PageID 57]. In the "Action Requested" section of the grievance, Basham stated, "I would like to have the camra [sic] footage saved and presurved [sic] for legal reasons. I also would like this staff member to be fire/released [sic] from his job." [*Id.*] That grievance was rejected on April 12, 2019 due to Basham "asking for inappropriate action to be taken. Discipline against staff." [*Id.* at PageID 55].

Basham filed a second grievance on June 3, 2019 concerning the same incident. [DN 1-1 at PageID 18]. That grievance was rejected the next day because it was filed more the five business days after the incident. [*Id.* at PageID 19]. Basham mailed an appeal to the warden on June 17, 2019. [*Id.* at PageID 20]. July 25, 2019, Basham sent a letter to Commissioner Jonathan Grate asking what he could do to have his grievances processed. [*Id.* at PageID 21]. On August 20, 2019 Ombudsman John Dunn mailed a letter to Basham stating:

> Be advised that after reviewing the rejected grievances it appear they were properly rejected by the coordinator. In the first grievance you were asking for specific disciplinary action to be taken against an employee which is not allowed, per CPP 14.6. If you had left out that part it appears your grievance would have been processed. In your second grievance you filed it well after the 5 business day limit had expired to file the grievance. This is also laid out in CPP 14.6.

[*Id.* at PageID 22].

The Kentucky Department of Corrections Policies and Procedures ("CPP") 14.6(II)(J)(1)(a)(9) states, "an inmate filing a grievance concerning a staff member shall not suggest a specific form of disciplinary action." "The Grievance Coordinator may reject a grievance that does not comply with the grievance process requirements." CPP14.6(II)(J)(1)(a)(11). Basham does not argue the grievance process was not available to him. He argues there was no time limit on the rejection notice so his second grievance should not have been rejected. However, this argument must fail. The CPP is clear that all grievances must be filed within five business days of the grievable incident. There is no requirement that the grievance coordinator note on a rejection form the amount of time an inmate has to correct that grievance. Once Basham was notified that his original grievance was rejected on April 12, 2019, he waited nearly two months to correct the error in his grievance. Further, it is clear Basham understood the error on the first grievance because in the "Action Requested" section of the second grievance Basham stated, "[t]hat an

4

investigation be conducted concerning this incident." [DN 1-1 at 18]. He did not ask for any disciplinary action on the second grievance.

Basham filed a timely but flawed grievance. That grievance was properly rejected due to failure to comply with CPP 14.6(II)(J)(1)(a)(9). Although Basham corrected the grievance, it was filed well after the time period had closed. Even if the five-day period to file a grievance renewed after receiving a rejection notice, Basham still did not exhaust his administrative remedies because he waited nearly two months to refile his grievance. Since Basham did not properly exhaust his administrative remedies and he does not argue the process was unavailable to him, his claim must be dismissed.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Smith's Motion to Dismiss [DN 10] is **GRANTED.** A judgment will follow.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

October 30, 2020

cc: Cody Basham
 285251
 Kentucky State Penitentiary
 266 Water Street
 Eddyville, KY 42038
 PRO SE